(No. 36418.—

HAROLD WILLIAMS *et al.,* Appellants, *vs.* KATHERINE
PEARSON *et al.,* Appellees.

*Opinion filed Sept. 22, 1961.—Modified on denial of rehearing
Nov. 29, 1961.*

ARTHUR S. GOMBERG, of Chicago, (SAMUEL NINEBERG,
of counsel,) for appellants.

SNYDER, CLARKE, DALZIEL, HOLMQUIST & JOHNSON,
of Waukegan, (GERALD C. SNYDER, of counsel,) for ap-
pellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

This case involves a question of practice. The action was brought in the circuit court of Lake County to recover damages for personal injuries. After the case was at issue it was duly set for trial on February 18, 1959. On that date the defendants were present with their witnesses, but the plaintiffs failed to appear. When the case was reached a jury was impanelled and defendants presented their proof, at the conclusion of which a directed verdict was returned for defendants. Judgment on the verdict was entered the same day.

On June 23, 1959, more than four months after the judgment was entered, plaintiffs filed a verified petition presumably under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 72,) to vacate and set aside the judgment, stating that they did not appear because they assumed the case would be continued or reset for trial to another date, and that it was not until June 10 that they discovered the case had been tried on February 18. The petition made the bare assertion that the plaintiffs and their attorneys had been diligent in this cause.

The parties and the Appellate Court have proceeded, apparently, on the assumption that the issue is simply whether the court erred in proceeding to trial instead of dismissing the suit. But the inquiry in this proceeding is not merely the propriety of that determination as a matter of law. The present proceeding is brought more than 30 days after entry of the February 18 judgment. It is not an appeal from the judgment of February 18, or a substitute for such an appeal, but an independent action in which the petitioner must allege and prove a right to the relief sought. The record contains no motion whatever for a dismissal under section 52. Plaintiffs' petition seeks not a dismissal but "an order vacating and setting aside the verdict and judgment of February 18, 1959, and reinstating the above entitled cause and setting the same for trial." Section 52 could be relevant only if the question were reached whether

the trial court erred in entering the original judgment. The present case is not an appeal from that judgment, however, but from the order denying the petition to vacate it. Whether the court erred in denying the petition depends upon whether proper grounds are present for the post-judgment relief sought here.

It is plain in the case at bar that no grounds have been shown to entitle the plaintiffs to relief, and that the circuit and Appellate courts reached the correct result. All the petition alleges is that the attorney in charge of plaintiffs' case "assumed that the case would be continued or reset for trial to another date" and that the plaintiffs relied on the assumption. After the judgment was entered it was almost four months before plaintiffs' attorneys ever discovered that the case had proceeded to trial. They do not deny that they had ample notice of the trial date. Yet no attempt was made either to remove the case from the trial call or to appear at the time set.

A similar lack of diligence is evident after entry of the judgment. While it is alleged that they did not learn until June 10 that the case had gone to trial, no excuse whatever is offered for the failure to keep themselves informed about its status and to bring any alleged error to the attention of the trial court within the 30-day period. Under such circumstances there is no basis for the post-judgment relief sought here. Remedies of this kind are not designed to relieve a party of the consequences of his own neglect. *Matson v. Holliday*, 25 Ill. App. 2d 90; *Till v. Kara*, 22 Ill. App. 2d 502.

It is evident that this is not the kind of case in which to construe or apply a statute which is involved, if at all, only in a remote and indirect way. What happened here is simply that the plaintiffs stayed away from the trial, assuming the case would be continued. Then after waiting four months they came in with a motion to set aside the judgment, alleging no grounds whatever to excuse their delay.

We believe therefore that under the circumstances of this case it is unnecessary that we pass upon the construction of section 52 of the Civil Practice Act and we do not do so by affirming the judgment of the Appellate Court.

Plaintiffs' suggestion that the court lacked jurisdiction to try the case in the absence of plaintiffs or their counsel does not merit discussion. That the court had jurisdiction, both of the subject matter and of the parties to the suit, is obvious, and such jurisdiction is not lost merely because one of the parties chooses not to be present on the day set for trial.

For the reason stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*