Kenneth M. Piper, et al., Plaintiffs-Appellants, v. Robert Reder, et al. and John Madro d/b/a Standard Construction Company, and The Village of Northfield, Illinois, a Municipal Corporation, Defendants-Appellees.

Gen. No. 50,740.

First District, First Division.

April 25, 1966.

Robert V. Nystrom and Robert E. Cronin, of Chicago, for appellants.

L. Louis Karton and Philip D. Goodman, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs appeal from an order entered on a petition under section 72 of the Civil Practice Act. The order reinstated an action which had been dismissed for want of

prosecution while the cause was pending before a master in chancery for a hearing of defendants' "Suggestion of Damages."

The issue before this court is the propriety of the order under the facts set forth in the petition, answer and reply. The vacating order entered on June 1, 1965, by Judge Daniel A. Covelli, states: "[T]he Court finds that this cause was pending before Master Henry E. Perry on said date and if this fact had been known to the court at said time, the Order of Dismissal would not have been entered on said January 15, 1965."

Plaintiffs' principal contention is that "the trial court erred in failing to conduct a full hearing of the allegations in the Petition and Answer thereto"; also, that the petition should "bring before the court matters *not appearing of record,* which if known by the court, would have prevented the rendition of the order." Plaintiffs further contend that the petition "vilified and accused plaintiffs' attorney of fraud, malicious unprofessional conduct and other nefarious charges and the trial court had a duty to conduct a full hearing thereon."

In substance, the section 72 petition shows that defendants were successful in a temporary injunction proceeding and filed a Suggestion of Damages which was referred to a master in chancery and set for hearing on June 19, 1964. On December 22, 1964, attorneys for both sides appeared before Judge Covelli on defendants' motion to close discovery proceedings. On the representation that the cause had been transferred to Judge Lupe, the attorneys took the motion to Judge Lupe, and he set January 15, 1965, as the date for taking the deposition of defendant Robert Reder.

On January 15, 1965, the deposition of Robert Reder was taken and also, on the same day, without knowledge on the part of defendants and their attorneys, an or-

143

der was entered by Judge Covelli as follows: "This cause coming on to be heard upon the regular call of cases and there being none present to answer; It Is Hereby Ordered that the entitled cause be and the same is hereby dismissed for want of prosecution."

In their petition, defendants alleged that they first learned of the dismissal order of January 15, 1965, at a master's hearing on April 27, 1965, and charged plaintiffs with knowledge of and concealment of the dismissal order.

The answer of plaintiffs alleged that defendants knew the matter was on the chancery calendar call of January 15, 1965, and that the "dismissal was due entirely to defendants' lack of diligence and fault and neglect, and there exists no excusable mistake on defendants' part to justify vacation of order." Plaintiffs further denied all knowledge of and concealment of the dismissal order. Defendants' reply denied knowledge of the case being called on the calendar on which it was dismissed.

██ We agree with plaintiffs: that section 72 is not intended to relieve a litigant from the consequences of his own negligence (Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856 (1961)); that one function of the section is to bring to the attention of the court matters of fact not appearing of record which, if known to the court at the time judgment was entered, would have prevented its rendition (Burns v. People, 9 Ill2d 477, 479, 138 NE2d 525 (1956)); and that the reference of the cause to the master was part of the court records and technically was known to the court at the time of the entry of the dismissal order.

██ At the outset, we find no error in the trial court conducting the hearing only on the petition, answer and reply. In Domitski v. American Linseed Co., 221 Ill 161, 77 NE 428 (1906), it is said (p 166):

"It has always been the practice in this State to hear proceedings of this kind upon affidavits and counter-affidavits."

In 60 CJS 34, it is said:

"It is the usual practice to hear and determine motions on the supporting affidavits and ordinarily no oral testimony should be received on the hearing of a motion."

In Isaacs v. The Shoreland Hotel, 40 Ill App2d 108, 188 NE2d 776 (1963), in considering a petition filed under section 72 of the Civil Practice Act, where it was argued that defendant's affidavits could not be considered because they were not supported by oral testimony with the right of cross-examination at the hearing on the petition to vacate, this court said (p 114):

"Plaintiff cites no direct authority for this contention. Section 72(2) of the Civil Practice Act provides that 'The petition must be supported by affidavit *or* other appropriate showing as to matters not of record.' (Emphasis supplied.) Further, section 69, paragraph (2), of the Civil Practice Act states that 'if evidence is necessary concerning any fact which according to law and the practice of the court may now be supplied by affidavit, the court *may*, in its discretion, require the evidence to be presented, wholly or in part, by oral examination of the witnesses in open court . . . ." (Emphasis supplied.)

Under the circumstances portrayed here, we believe it was within the trial court's discretion to conduct the hearing without oral examination of witnesses.

The dismissal order shows that the cause was dismissed on January 15, 1965, because there was "none present to

answer." On the hearing of the instant petition, and when the trial court (Judge Covelli) was informed as to what happened, the court remarked, "That is all we need. If it was pending before the Master, then of course I would not have had it stricken, had I known, had someone taken the trouble to appear and tell me. But no one took the trouble and so we dismissed it . . . ."

■ ■ As neither side appeared at the call, and both sides participated in a deposition hearing in the same cause on the same day, the trial court properly exercised the "equitable powers of the court" to prevent an injustice. See Weil v. Mulvaney, 262 Ill 195, 104 NE 273 (1914), and Madden v. City of Chicago, 283 Ill 165, 119 NE 60 (1918), where cases were reinstated which had been dismissed for want of prosecution while pending before a master in chancery.

In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963), our Supreme Court said (p 613):

> "Since our decision in Ellman v. DeRuiter, 412 Ill 285, subsequently adopted by the legislature (Laws of 1955, p 2270,) it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances."

■ It was within the court's discretion to limit its inquiry as aforesaid and not require any further hearing as to defendants' negligence in not answering the calendar call. Technically, the order of reference to the master was a matter "appearing of record," and it may be assumed that no trial judge would knowingly dismiss an action for want of prosecution when it was pending before a master in chancery and even though no one answered the call. It is seldom possible for a busy trial judge to keep in-

formed of the docket status of all cases appearing before him on a chancery calendar call, and attorneys answering the call are expected to supply such information. However, mistakes do occur, and when a cause is dismissed inadvertently, a trial judge is expected to use the "equitable powers of the court, when the exercise of such power is necessary to prevent injustice."

Plaintiffs further contend that the trial court should have conducted "a hearing on the accusations made by the petitioners . . . and, upon failure of such proof to castigate the accuser and make whole the accused." We do not approve of attorneys castigating each other, either in pleadings or in any fashion. As argued by plaintiffs, the court "is in the unique position of being the sole means of furnishing such protection," but we consider any action of that nature by the trial court in pending litigation to be a matter for the court's sound discretion. We find no abuse here of that discretion.

For the reasons given, the order vacating the dismissal order of January 15, 1965, is affirmed, and the motion of plaintiffs to dismiss the appeal, heretofore taken with the case, is denied.

Affirmed.

KLUCZYNSKI, P. J. and BURMAN, J., concur.