**Kathleen Trobiani, a Minor, by Her Next Friend, Ralph Trobiani, Plaintiff-Appellee, v. Benjamin Racienda and Alice Racienda, Defendants-Appellants.**

Gen. No. 52,023.

First District, Second Division.

May 7, 1968.

Rehearing denied June 4, 1968.

Favil David Berns, of Chicago (Myer H. Gladstone, of counsel), for appellants.

Frederick J. Bertram, of Chicago, for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendants appeal from an order denying their petition filed under section 72 of the Civil Practice Act to vacate and set aside a default judgment entered against defendants in the sum of $7,000.

Plaintiff filed the complaint along with a jury demand on September 30, 1959. Both defendants were served with summons on October 16, 1959, but did not file an appearance or answer. An order of default was entered against Ben Racienda on January 12, 1961, setting February 15, 1961, for the date of prove up. On February 15, 1961, plaintiff waived the jury and a default judgment was entered against both defendants. The judgment order recited that the court had heard evidence presented in behalf of plaintiff. Execution on the judgment was issued on December 1, 1965 and served on defendants on December 10, 1965.

On January 4, 1966, defendants filed the petition under section 72 of the Civil Practice Act. This petition admit-

ted service of summons, but stated that defendants first learned of the entry of the judgment when served with execution on December 10, 1965. Plaintiff filed a sworn answer to the petition, stating that defendants learned of the judgment in August, 1963; that on August 9, 1963, defendants applied for a real estate mortgage; that Chicago Title and Trust Company issued a letter of opinion showing the judgment; that the existence of this judgment was fully explained orally and in writing to defendants. The answer also stated that there had been several letters exchanged between defendants and counsel for plaintiff after service of summons and prior to entry of judgment. This correspondence was made part of the answer, and it included a letter written by defendant Ben Racienda to the father of the plaintiff which included the following language: "You can sue all you want . . . You can put all the judgment you want to." The answer to the petition also stated that counsel for plaintiff had urged defendants to employ an attorney to represent them. No reply was filed by defendants to this verified answer with its accompanying exhibits.

■ ■ In order to be entitled to relief under section 72 of the Civil Practice Act, petitioners must show not only that they have valid grounds for relief, but that it was through no neglect of their own that the grounds claimed were not presented to the trial court in timely fashion. Section 72 does not entitle a litigant to be relieved of the consequences of his own neglect or mistake. Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856 (1961); Piper v. Reder, 70 Ill App2d 141, 217 NE2d 487 (1966).

■ We first conclude that defendants are not entitled to relief under section 72. While defendants have failed to supply a report of proceedings as to what transpired before the judge in the section 72 proceedings, the record indicates that the judge considered the pleadings, including the exhibits, and that plaintiff submitted evidence that defendants had knowledge of the judgment

231

since August of 1963. Defendants not only deliberately ignored court process, but after being served with summons, challenged the plaintiff to get any judgment she wished. Although all of the letters between the parties took place prior to the entry of judgment, that correspondence reflects the deliberate disregard of the suit by defendants. While defendants point out that execution on the judgment was not issued for nearly four years after its entry, no prejudice to defendants has been shown because it is obvious that defendants had knowledge of the judgment as a result of the letter of opinion issued by Chicago Title and Trust Company.

However, defendants urge that the judgment is void, and that a void judgment may be set aside at any time on motion, and without affidavit. Martin v. Schillo, 389 Ill 607, 60 NE2d 392 (1945); Ray v. Moll, 336 Ill App 360, 84 NE2d 163 (1949). In that light, we shall examine the position of defendants.

The principal contention of defendants is that the judgment is void because the complaint failed to state a cause of action. The complaint here charged that defendants were in possession and control of certain premises; that they were in the process of constructing a building; that they knew of the presence of children in and about the premises; that the building under construction was so attractive as would be an inducement to children; and that the four-year-old plaintiff entered said building through an open doorway, started to climb a ladder, fell off the ladder through an open stairwell, and was injured.

Defendants argue that the foregoing complaint failed to state a cause of action because Illinois no longer recognizes the attractive nuisance doctrine as a basis for liability, and that an open doorway and a ladder are not attractions so as to impose liability upon defendants in favor of an infant trespasser.

In Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955), the court found that foreseeability of harm

232

was the basis of liability of an occupier of land to an infant trespasser, and the attraction was important only in so far as it would disclose that the trespasser should have been anticipated by the occupier.

██ Since the Kahn case, to impose liability it must be shown: (1) the occupier knows that young children frequent the vicinity; (2) there is a defective structure or dangerous agency present on the land; (3) that structure or agency is likely to cause injury because of the child's inability to appreciate the risk; and (4) the expense of remedying the situation is slight. Donehue v. Duvall, 90 Ill App2d 472, 233 NE2d 447 (1967). The dangerous agency can result from a common instrumentality which of itself is not defective if the instrumentality and its surroundings create a dangerous condition which is likely to cause injury to children. Smith v. Springham Lumber Co., 41 Ill App2d 403, 191 NE2d 256 (1963). The object that causes the injury need not be visible from the street to establish liability. Andrews v. General Contracting Co., 37 Ill App2d 131, 185 NE2d 354 (1962). Nor is it necessary that the ladder itself be the attraction in order to render defendant liable if the building under construction was sufficiently attractive. Wilinski v. Belmont Builders Inc., 14 Ill App2d 100, 143 NE2d 69 (1957). In the Wilinski case an 11-year-old boy fell and was injured when a rung of a ladder broke at the rear of a partially constructed building in which he was playing.

Clearly, under all the criteria set forth in Illinois, the complaint stated a good cause of action. A ladder over an open stairwell in a building under construction constituted a dangerous condition to the four-year-old plaintiff and created a basis for liability as to these defendants.

██ Defendants also contend that the judgment is void because they received no notice of hearing on the assessment of damages, citing Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963). In that case, a default

judgment was entered on May 18, 1960, and a petition to vacate the judgment under section 72 was filed on July 14, 1960. The court found that prior to suit there had been settlement negotiations between the parties; that plaintiff had informed defendant that medical bills arising out of the accident totalled $259; that despite this information, at the prove-up hearing, plaintiff had introduced into evidence medical expenses totalling $4,000, most of which bore no relationship to the injury suffered in the accident. Under these circumstances, to prevent an unconscionable gain to the plaintiff because an unfair advantage had been worked, the Supreme Court stated that "defendant should be given an opportunity to appear and defend on the issue of damages." However, the court did not declare that the judgment was void. A judgment for plaintiff comprises two factors: one, finding of the issues for plaintiff and against defendant, and two, an assessment of damages. In Elfman, the court upheld the default and the finding in favor of plaintiff. It only remanded for an assessment of damages because of the unusual circumstances surrounding the amount of damages. In the instant case as in Elfman, we cannot vacate the finding in favor of plaintiff. The judgment is not void.

■■ Defendant Alice Racienda urges that the default judgment is void as to her because the order of default was entered only as to Ben Racienda. She cites 23 ILP 178, Judgments, Section 62 which states:

> "The entry of a default must precede the rendition of a judgment by default."

Section 50 (4) of the Civil Practice Act authorizes the court to enter judgment by default for want of an appearance. The Act does not require the entry of an order of default prior to the entry of judgment. Lack of a formal order of default before entry of a decree pro confesso did not make entry of the latter error. School

Directors Dist. No. 5 v. School Directors Dist. No. 10, 73 Ill 249 (1874). Whether or not there is a separate order of default, we find that the right to a default judgment depends on the court's having jurisdiction over the particular defendant, and on the defendant's failure to appear within the time allowed by service. Alice Racienda admittedly was served with summons, but did not appear or plead. The court had jurisdiction of her person and of the subject matter, and, after hearing evidence, entered a valid judgment against her.

We find no merit in defendants' final contention that the judgment is void because the judgment order contained no findings of fact.

Accordingly, the order of the Circuit Court is affirmed.

Order affirmed.

BURKE, P. J. and LYONS, J., concur.