**Jean Bartolini, Plaintiff-Appellant, v. Edward Popovitz, Defendant-Appellee.**

**Gen. No. 52,229.**

First District, Second Division.

April 1, 1969.

Gabriel J. Aprati, of Chicago Heights (Sidney Z. Karasik, of Chicago, of counsel), for appellant.

Gunther & Choka, of Chicago (John M. Janewicz, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff appeals from an order entered pursuant to defendant's amended section 72 petition to vacate a default judgment theretofore entered in favor of plaintiff and against defendant.

In May 1963 plaintiff filed a complaint against defendant Popovitz, a real estate broker, alleging he induced plaintiff to exchange certain real estate by means of fraudulent representations. Also named as defendants in the complaint were the other parties to the real estate

transaction, William and Dorothy Schau. The complaint requested that the transaction be rescinded and canceled, and that plaintiff's property be restored to her.

Schau filed a motion to dismiss the complaint on June 15, 1963. Popovitz was served with summons on May 16, 1963, and an appearance was filed in his behalf by his first attorney on June 13, 1963. He apparently filed a motion to dismiss the complaint as well, although the motion does not appear in the record. On March 10, 1964, the Popovitz motion was overruled, said defendant failing to appear at the hearing on the motion. The Schau motion to strike was sustained and plaintiff was given leave to file an amended complaint. The amended complaint was filed on March 31, 1964.

On April 23, 1964, Schau again filed a motion to dismiss the amended complaint. On June 30, 1964, Schau moved the trial court to set the matter down for hearing and notice of that motion was served upon Popovitz's first attorney and upon plaintiff's attorney. Also on June 30th Popovitz's first attorney served notice that on that day he would request the court for leave to withdraw as attorney of record for Popovitz. Notice of that motion was addressed to the Schau attorney of record and to defendant Popovitz personally, and a copy thereof was mailed to Popovitz's home address by certified mail; no notice was addressed to plaintiff's attorney of the withdrawal of Popovitz's first attorney. Leave was granted the attorney to withdraw from the case. The trial court also continued the hearing on the pending Schau motion to dismiss the amended complaint.

On October 29, 1964, after several continuances of the matter obtained by plaintiff's attorney, the trial court sustained the Schau motion to dimiss and also set the trial of the case against Popovitz for November 9, 1964. On November 9th Popovitz failed to appear either personally or by attorney and plaintiff proved up her claim

against him. On February 5 or 8, 1965, the trial court entered an ex parte default decree on motion of plaintiff, which recited in part that Popovitz failed to file an answer to the amended complaint and also failed to appear at the hearing. Judgment was entered for plaintiff in the amount of $14,873.28, the defendant being ordered to satisfy the judgment within 90 days from the date of the entry of the decree, "with interest and in default of such payment, execution shall issue."

On April 12, 1965, a verified petition to vacate the default judgment of February 1965 was filed on behalf of Popovitz by his second attorney, said petition setting forth that his first attorney had withdrawn from the case, which he did not learn until April 2, 1965, at which time he also received notice from plaintiff's attorney that the default judgment had been entered against him. The balance of the petition recited that Popovitz acted only as a real estate agent for the parties to the transaction and that he has a "good and meritorious defense to the plaintiff's complaint." The petition prayed that the default judgment be vacated and that leave be granted to Popovitz to file his answer and have the matter set down for hearing on the merits. Plaintiff filed her verified answer to the petition to vacate, and the matter was set for hearing on May 4, 1965.

On May 4, 1965, the matter was continued to June 3rd on motion of Popovitz's second attorney. On June 3rd, again on motion of Popovitz's attorney, the court continued the hearing on the petition to vacate and plaintiff's answer thereto, to July 12th, the order reciting that the matter "must be disposed of on that date." On July 12th the matter was again continued to October 5th on motion of Popovitz's attorney.

On October 5, 1965, the Popovitz petition to vacate the amended complaint was dismissed and Popovitz was given leave to file an amended petition within ten days.

The order also recited that the hearing on the amended petition to vacate was set for October 29, 1965, "without further notice."

On October 29th the following order was entered by the trial court:

> "On motion of plaintiff to deny defendant's amended petition to vacate judgment heretofore entered, and the defendant having failed to file said amended petition to vacate, as per order of court on October 5, 1965, and defendant having failed to appear in open court, and plaintiff having appeared this day,
>
> "It Is Hereby Ordered:
>
> "That defendant's amended petition be and is hereby denied (sic) and judgment heretofore entered be and is hereby made final."

After separate notices were sent to Popovitz and to his second attorney on April 12, 1966, plaintiff presented a petition before the trial court on April 26th to show cause why Popovitz should not be held in contempt of court for failure to comply with the court's final decree and judgment. On April 26th neither Popovitz nor his attorney appeared in court and the matter was continued to May 26th. On May 26th Popovitz personally appeared in court in response to a letter from plaintiff's attorney, but plaintiff's attorney not being present in court that day and the matter not having been entered in the motion book, the matter was again continued to July 1st.

On July 1, 1966, Popovitz's third attorney appeared in court and caused an order to be entered allowing Popovitz leave to file a petition to vacate the default judgment within thirty days and that all matters be set for hearing on August 15, 1966 without further notice. On July 18, 1966, Popovitz, by his new attorney, filed a petition to vacate the default judgment of February 1965.

The petition to vacate set forth Popovitz's defense to plaintiff's amended complaint, as well as matters such as his engagement of his second attorney "to fully represent him in all matters" with respect to the plaintiff's action, his examination of the trial record subsequent to the rendition of the default judgment which revealed that his attorney failed to file an answer to plaintiff's amended complaint, and his second attorney's withdrawal from the case after the default judgment had been vacated, resulting in a subsequent reentry of the default judgment. The petition again prayed that the default judgment be set aside and that Popovitz be given leave to file his defense to the amended complaint. Plaintiff filed an answer to the newest petition to vacate, and after a hearing was had on the petition and the answer thereto, the default judgment of February 1965 was vacated and Popovitz was given leave to file his answer to the amended complaint. From the order plaintiff prosecutes this appeal.

We are in agreement with plaintiff's position that Popovitz was not entitled to relief under section 72 of the Civil Practice Act for the reason that, as the record clearly reveals, he failed to act with due diligence in presenting his defense prior to the entry of the default judgment and also in attempting to have that judgment set aside.

Before a final judgment by default may be vacated, the defendant must not only show by petition and affidavit that he has a meritorious defense to the allegations contained in the complaint, but that he also exercised *due diligence in presenting his defense.* Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294. Section 72 of the Civil Practice Act is not intended to relieve a defendant from the consequences of his own negligence or fault. Piper v. Reder, 70 Ill App2d 141, 144, 217 NE 2d 487; Till v. Kara, 22 Ill App2d 502, 509, 161 NE2d 363. Furthermore, a party is bound by the acts, or inac-

tion, of his attorney. Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856.

Popovitz was represented by three successive attorneys in this action. An appearance was filed in his behalf by his first attorney, as was a motion to dismiss the complaint. (Although defendant's motion to dismiss does not appear of record, the filing of that motion is implicit from the trial court's denial of the motion.) That motion was denied due to defendant's failure to appear at the hearing thereon. His first attorney was thereafter given leave to withdraw as attorney of record. Although defendant alleges in his first petition to vacate, that he did not learn of the withdrawal of his first attorney from the case until nine months after the withdrawal, plaintiff's verified answer to that allegation was that notice of the withdrawal was sent to defendant at his home address by means of certified mail, return receipt requested. Defendant does not deny this, nor does he make any allegation of any attempted contact with his first attorney during that nine-month period which had elapsed between the withdrawal and the date defendant alleged he "first learned" of the attorney's withdrawal and of the default judgment.

The first petition to vacate, filed April 12, 1965 by defendant's second attorney, was dismissed on October 5, 1965, and defendant was given leave to file an amended petition within ten days. The amended petition was never filed, and on October 29, 1965, the date previously set by the trial court for a hearing on the amended petition, the defendant again failed to appear either personally or by attorney; the court ordered a dismissal of the petition to vacate and made the default judgment of February 1965 final. Six months later plaintiff sent separate notices to defendant and to his second attorney of his intention to file a petition for a rule to show cause why defendant should not be held in contempt for failure to comply with the final judgment of the court. Neither

95

defendant nor his attorney appeared at the hearing on April 26, 1966 and the matter was continued to May 26th. On May 26th defendant appeared in person and the matter was again continued to July 1, 1966, when defendant's third attorney appeared and secured an order allowing defendant to file a second petition to vacate the default judgment.

The second petition to vacate, filed on July 18, 1966, alleged no facts showing due diligence on defendant's part in either presenting his defense prior to entry of the default judgment, or in securing a vacation of the default judgment. The petition in this regard simply recited that defendant engaged his second attorney to "fully represent him in all matters with respect to the pending action," that subsequent to the entry of the default judgment, defendant found that his attorney of record did not file an answer to the amended complaint, and that after the second attorney secured a vacation of the default judgment, he withdrew as attorney for Popovitz and a default judgment was again entered against him. It is clear that defendant has not set out sufficient facts to establish that he proceeded with the diligence necessary to an allowance of a petition to vacate a default judgment as required by Section 72 of the Civil Practice Act.

For these reasons the order vacating the default judgment is reversed and the cause is remanded with instructions to reinstate the default judgment entered in February 1965.

Judgment reversed and cause remanded with directions.

LYONS, P. J. and McCORMICK, J., concur.