People of the State of Illinois ex rel. Susan Franks, Plaintiff-Appellee, v. John Walter Franks, Jr., Defendant-Appellant.

Gen. No. 53,915.

First District, First Division.

May 25, 1970.

Littlejohn and Glass, of Chicago (William L. Littlejohn and James P. McCarthy, of counsel), for appellant.

Sheldon S. Mells, of Chicago (Sheldon S. Mells, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a proceeding for child support filed in the Circuit Court of Cook County, Illinois, under the Uniform Reciprocal Enforcement of Support Act (Ill Rev Stats, c 68, § 50 et seq.). The basic support order was entered in a pending divorce action in Kansas.

On May 24, 1968, the Cook County trial court dismissed the support petition "upon the finding of the Court that Respondent John Walter Franks, Jr. is not the father of the minor child of the Petitioner." Respondent appeals from an order entered six months later under section 72 of the Civil Practice Act, which vacated the dismissal order of May 24, 1968. The principal issue presented for

review is whether the petition stated grounds for relief under section 72.

On May 8, 1965, petitioner (plaintiff) and respondent (defendant) were married in Chicago, Illinois. On December 21, 1965, respondent, then being stationed in the army in Kansas, filed a suit for divorce in the District Court of Geary County, Kansas. Petitioner counterclaimed for divorce and alleged that she was expecting a child on July 1, 1966, and that defendant was the father of that child. She also asked for temporary alimony and the award of support money. Respondent answered, denying he was the father of the expected child. The court in Kansas thereafter entered an order on April 21, 1966, allowing temporary alimony and support in the "sum of $37.50 per week commencing April 25, 1966, said payments to continue until the birth of the child or further order of this court." The child was subsequently born on August 27, 1966. (The briefs of both sides state that on June 3, 1969, the District Court of Geary County, Kansas, awarded the petitioner an absolute divorce and found the respondent to be the father of petitioner's child.)

On October 27, 1966, petitioner, who was then living in Michigan, initiated proceedings in the Circuit Court of Wayne County, Michigan, under the Uniform Reciprocal Enforcement of Support Act of Michigan, and a reciprocal petition was forwarded to the State of Illinois where respondent was then living. Respondent answered the reciprocal petition and denied that he was the father of petitioner's child. On January 17, 1968, respondent filed a motion in the Illinois proceedings requesting that petitioner and her child submit themselves to blood tests pursuant to the "Blood Test Act" (Ill Rev Stats, c 106¾, § 1). An agreed order was entered that the tests of petitioner and her child be performed by Dr. Frank Ellis in Dearborn, Michigan, and that the tests of respondent

53

be made at the Michael Reese Research Foundation in Chicago. On March 20, 1968, the results of the tests made on petitioner and her child were forwarded to Dr. Albert Wolfe of the Foundation. On April 2, 1968, blood tests were performed on the defendant, and the results of those tests, together with the tests performed by Dr. Ellis on the petitioner and her child were interpreted. On April 18, 1968, Dr. Bernard Stodsky of the Foundation addressed a written report to all parties interested, which report excluded the respondent as the father of petitioner's minor child. The dismissal order of May 24, 1968, was then entered in the Circuit Court of Cook County.

On December 11, 1968, petitioner filed a petition in the Circuit Court of Cook County pursuant to section 72 of the Civil Practice Act, seeking to vacate and set aside the order of May 24, 1968. In substance the grounds set forth in the petition were: (1) that the trial court had no power to adjudicate the issue of the paternity of the child; (2) that no experts were called by the court to testify as to their findings of exclusion; (3) that fraud was practiced upon the court; and (4) that the State's Attorney for Cook County did not properly represent plaintiff. On January 13, 1969, the court denied respondent's motion to strike the petition of Susan Franks, and the order of May 24, 1968, was vacated and set aside. The order states that the court heard counsel for both sides and read the briefs submitted. This is the order from which respondent has appealed.

Basically, respondent contends that the section 72 petition failed to state grounds for relief and petitioner's claim that the order of May 24, 1968, was void is without merit. The respondent contends that the special blood testing procedures followed in the instant case had to be adopted for the taking of the Michigan residents' blood, and arrangements were necessary to deliver the

blood test results so that those results might be interpreted. Respondent states, "The State's Attorney, representing the plaintiff, recommended to the court the procedures finally adopted. A method of reporting the results was also adopted. The Associate Director of the Michael Reese Research Foundation prepared and sent a report, excluding the defendant as a possible father, directly to the trial court, with copies being forwarded to the State's Attorneys in both Illinois and Michigan and to *both* parties' counsel. Defendant willingly and explicitly followed the procedures outlined by the State's Attorney. Either of the parties could have requested the presence of the experts in court to testify and to subject themselves to cross-examination. But *neither* party chose to do so."

■ We have examined the section 72 authorities cited by respondent and do not believe a discussion of these cases is necessary here in view of our concept of the determinative factors. We agree with respondent that section 72 is not intended to relieve a litigant from the consequences of his own negligence, and this includes incompetency of counsel. (Antczak v. Antczak, 61 Ill App2d 404, 209 NE2d 838 (1965).) We believe this case calls for the application of the guidelines set forth in Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE 2d 348 (1963), and McLaughlin v. McLaughlin, 83 Ill App2d 160, 226 NE2d 406 (1967). In Elfman, it is said (p 615):

> "Under all of the circumstances, it is our opinion that the amended petition and its supporting affidavits presented a situation which addressed itself to the equitable powers of the trial court and that, in justice and fairness, defendant should be given an opportunity to appear and defend on the issue of damages."

55

In McLaughlin, it is said (p 162) :

> "Whether such purpose is best accomplished by setting aside the judgment or refusing to set aside the judgment depends on the conduct of the parties, the relative hardship, prejudice or injustice which may result and the alternatives which are available to assure and promote compliance with legal procedure."

The instant record indicates that the delay of six months in presenting the section 72 petition did not prejudice respondent. The basic divorce action was still pending in Kansas, and we think it was within the sound discretion of the Illinois court to entertain the instant section 72 petition at that time. Obviously, the May 24th order, which dismissed the support petition, resulted in a severe hardship on petitioner and her child and, under all of the circumstances, petitioner's section 72 petition "presented a situation which addressed itself to the equitable powers of the trial court." In justice and fairness petitioner should have been given an opportunity to proceed on the merits of her support motion. We find that the vacating of the order of May 24th was within the sound discretion of the court, and we find no abuse of that discretion. See Piper v. Reder, 70 Ill App 2d 141, 147, 217 NE2d 487 (1966).

We further conclude that the question of the existence of the duty to support was established by the court in Geary County, Kansas, and, as a matter of law, "the constitutional requirement that it be given full faith and credit is met by clothing it with the same finality and effectiveness in the courts of Illinois as it enjoys in the courts of the State in which it was rendered and entered." (Kresteff v. Kresteff, 79 Ill App2d 170, 173, 223 NE2d 720 (1967).) In Allain v. Allain, 24 Ill App 2d 400, 164 NE2d 611 (1960), it was held that child

support decrees are entitled to full faith and credit under the Uniform Reciprocal Act even though the amounts may be raised or lowered by the Illinois courts. In Light v. Light, 12 Ill2d 502, 147 NE2d 34 (1957), it is said (p 510):

> "Policy considerations argue strongly that such decrees are entitled to full faith and credit. Unless they receive interstate recognition, the insulated judicial systems of the several States may become sanctuaries within which obligations that have been fully and fairly adjudicated in another jurisdiction may be escaped. These policy considerations have found expression in the decisions of many State courts which, on the grounds of comity, have given full effect, including equitable enforcement, to foreign decrees . . . ."

██ Where Illinois is the responding State under the Uniform Reciprocal Act and where the duty to support had been established by a sister State, the Illinois court should not, as a matter of policy and under the circumstances portrayed here, redetermine the question of the duty to support. In the instant case the duty to support had been adjudicated in a pending divorce action in Kansas, and we believe that it was improper at that posture of the Kansas proceedings for the trial court in Illinois to reject that finding by determining that respondent was not the father of the petitioner's child.

Therefore, in accordance with the views expressed herein, the order appealed from is affirmed and the cause is remanded to proceed with the support petition on its merits and with full faith and credit given to the Kansas divorce proceedings.

Order affirmed and cause remanded with directions.

BURMAN, P. J. and ADESKO, J., concur.