Welfare Finance Corporation, Plaintiff-Appellant, v. Charles H. Bachman, a/k/a Harold C. Bachman or Bochman, and Anne Bachman, Defendants, v. Ray-Car Motors, Inc., Garnishee-Appellee.

Gen. No. 53,913.

First District, Fourth Division.

May 27, 1970.

Thomas Ryan Rees, of Chicago, for appellant.

Dario A. Garibaldi, of Flossmoor, for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Plaintiff, Welfare Finance Corporation, appeals from the Circuit Court's order vacating its judgment against garnishee for $1,457.15 plus costs and from the subsequent judgment entered in its favor for $51.35.

On February 16, 1968, plaintiff obtained a judgment by confession against defendant Charles H. Bachman (a/k/a Harold C. Bachman) for $1,400 representing the unpaid principal and interest on a note executed by defendant on July 10, 1962. After the summons to confirm judgment was returned, "defendant not found" on February 16, 1968, an alias summons to confirm judgment was served upon Bachman by leaving a copy thereof with his employer, Ray-Car Motors Incorporated, on March 19, 1968. The judgment was confirmed on April 15, 1968, upon defendant's failure to appear.

Plaintiff then caused a wage deduction summons and affidavit with accompanying interrogatories to issue returnable May 20, 1968, which were served upon garnishee on April 19, 1968. Garnishee failed to respond to the interrogatories and a conditional judgment was entered against it for $1,457.15 plus costs. On May 22, 1968 garnishee was served with summons after conditional judgment to show cause why the judgment should not be made final. Garnishee failed to appear and the judgment was made final July 1, 1968.

While these proceedings as to the above wage garnishment were taking place, plaintiff also caused a second wage deduction summons and affidavit with accompanying interrogatories returnable July 24, 1968 to be served on May 22, 1968, the same date of service as the summons after conditional judgment. On June 7, 1968, garnishee in response to plaintiff's interrogatories in the second wage deduction summons replied, "not in our employ." On the basis of this answer garnishee was discharged as to the second wage deduction cause on June 24, 1968. Plaintiff then obtained an order vacating

110

this dismissal, but, for want of prosecution, garnishee was again discharged on August 21, 1968.

On January 13, 1969, plaintiff filed an affidavit for garnishment against Bremen State Bank based upon the July 1, 1968 judgment in the first wage deduction cause. Garnishee then petitioned under Ill Rev Stats, c 110, § 72, Civil Practice Act, 1967, to vacate the judgment of July 1, 1968, alleging that it had been erroneously finalized in view of the fact that the answer to the interrogatory returnable June 24, 1968 had stated "not in our employ." Garnishee further alleged the discharges of June 24, 1968 and August 21, 1968.

The court granted garnishee's motion and vacated the conditional judgment of May 20, 1968 and the final judgment of July 1, 1968. Garnishee was then given leave to file an amended answer to the interrogatory returnable May 20, 1968. The amended answer was subsequently filed admitting that one Harold Bachman had worked for garnishee and itemizing payroll checks written in Bachman's favor from April 19, 1968 to May 24, 1968 totaling $458.39.

On February 13, 1969, the court entered judgment for plaintiff and against garnishee for $51.35. Plaintiff appeals the court's order vacating the judgment finalized on July 1, 1968 and the judgment of $51.35 entered in its favor. Plaintiff prays the latter be vacated and the former reinstated.

OPINION

Plaintiff contends that the section 72 motion to vacate was improperly granted in view of the fact that garnishee failed to allege and prove diligence.

In Bartolini v. Popovitz, 108 Ill App2d 89, 246 NE2d 834 (1969) the court stated:

> "Before a final judgment by default may be vacated, the defendant must not only show by petition and affidavit that he has a meritorious defense to the

111

allegations contained in the complaint, but that he also exercised due diligence in presenting his defense."

The material averments of defendant-garnishee's petition allege:

"1. That on May 20, 1968 a conditional judgment was entered against Ray-Car Motors, Inc. in the amount of $1,457.15.

"2. That on June 24, 1968, Ray-Car Motors filed its no funds answer and the garnishment was discharged.

"3. That erroneously on July 1, 1968, the conditional judgment against Ray-Car Motors, was made final and on July 15, 1968, the Plaintiff filed a motion to vacate the order of June 24, 1968, and set the matter for contest on August 21, 1968.

"4. That again on August 21, 1968, Ray-Car Motors, Inc. was discharged."

Garnishee's petition fails to meet the standards as set out in Bartolini, supra.

■ The filing of an answer to the second (June 24) wage deduction interrogatory and the discharges in that proceeding have no relevance to the first (May 20) wage deduction action. It is evident that the answer applied only to the second wage deduction proceeding since garnishee has admitted that Bachman was in its employ until May 24 and it was obligated to file an answer.* There is no explanation of the failure to answer the summons returnable May 20, 1968, or of the failure to appear at the hearing to finalize the judgment. The petition

---

* "(c) The employer shall file, on or before the return date, but in no event sooner than 30 days after service of the summons, or within the further time that the court for cause may allow, a written answer under oath to the interrogatories, setting forth, any amount due as wages to the judgment debtor for the payroll periods ending immediately prior to 30 days after service of the summons." (Ill Rev Stats, c 62, § 77(c) (1967).)

fails to show that garnishee exercised due diligence in presenting his defense.

However, garnishee contends that Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963) "eliminated the necessity to rationalize careless conduct in terms of excusable neglect in cases in which the default judgment constituted a possible miscarriage of justice." In Wolfe v. Endres, 113 Ill App2d 96, 251 NE2d 740 (1969) we emphasized the fact that the opinion in Elfman, supra, relied upon the serious illness of the attorney's mother, a meritorious defense and the allegation that opposing counsel took advantage of the attorney's absence.

Garnishee also cites Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 (1952), Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525 (1961), and Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829 (1960).

These cases are also distinguishable from the present case. In Ellman, supra, the defendant was deliberately misled by the actions of the plaintiff. In Dann, supra, reasonable diligence was shown where the defendant immediately contacted his insurance broker who mailed the summons to the insurer only to have it lost in the mails. In Jansma, supra, plaintiff's attorneys failed to notify defendant's attorneys of the default judgment until after the 30-day period following judgment, even though they were in constant negotiation and contact.

■ The trial court erred in vacating the final judgment of July 1, 1968. The judgment of February 13, 1969, and the order of January 22, 1969 granting leave to file an amended answer are reversed and the cause remanded with directions to reinstate the judgment of July 1, 1968 in favor of plaintiff.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.