CRERAR CLINCH COAL COMPANY, Plaintiff-Appellee, *v.* WHOLESALE COAL DISTRIBUTORS CORPORATION, Defendant-Appellant.

(No. 54784;

First District—April 28, 1971.

*Rehearing denied May 26, 1971.*

William Henning Rubin, of Chicago, for appellant.

Martin F. Jones, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County denying defendant's petition to vacate an *ex parte* judgment.

Plaintiff delivered 50 orders of coal to the defendant at various times between November 1, 1966, and November 23, 1967. Defendant made only two payments on account and plaintiff refused to make any more deliveries after November 23, 1967.

Plaintiff filed a complaint on January 23, 1969, and summons was served on the defendant on January 24, 1969. Defendant's appearance was filed by William Rubin, its attorney, on January 30, 1969, but the defendant failed to answer by the return date, February 14, 1969. The case was placed upon the Default for Want of Answer Book for March 7, 1969. The defendant failed to answer the default call, and the court assigned the case for trial on June 13, 1969. On oral argument, counsel for the plaintiff said he called counsel for the defendant, who is also president of the defendant corporation, in March of 1969, and advised him of the default. Counsel for defendant did take issue with this statement. On June 13, 1969, the case was called for trial and again the defendant failed to appear. The court entered an *ex parte* judgment for the plaintiff in the amount of $7,353.24, plus interest at the legal rate.

The plaintiff filed a citation to discover assets on October 10, 1969, and alias summons service was made on or about October 20, 1969.

The defendant filed its petition to vacate the *ex parte* judgment on or about October 31, 1969, under section 72 of the Illinois Civil Practice Act. In the petition the defendant alleged that the first knowledge of the entry of the judgment was the receipt of the citation to discover assets, and further alleged it had a meritorious defense.

On appeal the defendant argues that section 72 requires the vacation of the June 13th judgment even though it was not diligent in pursuing the matter at trial as a result of the mistaken belief that the trial was set for November 3, 1969.

The defendant suggests that the test of section 72 is not whether it was negligent in failing to file its answer and follow the case in court, but rather whether it was diligent in presenting the petition under section 72 after obtaining knowledge of the default judgment. As authority it cites *Skivington v. Lehman* (1962), 36 Ill.App.2d 479. In that case a default judgment was entered when defendant was not present at the call, and a section 72 petition was allowed. However, a jury demand had been made by plaintiffs but was waived without notice to defendant when defendant failed to appear. The reviewing court held that failure to give notice of the waiver to the defendant was a fact which would have prevented entry of the judgment had it been brought to the attention of the court. Therefore, the diligence requirement, which the court specifically endorsed, was not applicable in that one case. The court also noted that counsel for the defendant was hampered by an illness which ultimately resulted in this death.

The defendant cites other cases which hold that a petition under section 72 is proper where there has been an excusable mistake. These cases are not in point since the record discloses no facts which would excuse the persistent neglect which resulted in the default judgment, or the failure to act timely when the default was called to the attention of counsel for defendant in March of 1969. In *Trobiani v. Racienda* (1968), 95 Ill.App.2d 228, the court said:

> "In order to be entitled to relief under section 72 of the Civil Practice Act, petitioners must show not only that they have valid grounds for relief, but that it was through no neglect of their own that the grounds claimed were not presented to the trial court in timely fashion. Section 72 does not entitle a litigant to be relieved of the consequences of his own neglect or mistake."

For these reasons the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.