HENRY PHILLIP GRUSS, Plaintiff-Appellant, v. ELLEN BEVERLEY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—0282

Opinion filed July 13, 1990.

William J. Jovan, of Chicago, for appellant.

Mathewson, Hamblet & Casey, of Chicago (J. Joseph Little and Laura H. Morrill, of counsel), for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This is an appeal of the section 2—1401 order of the trial court (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) vacating the default judgment previously entered in favor of the plaintiff and against the defendants.

The issue raised by the plaintiff is whether the trial court abused its discretion in granting defendant's section 2—1401 petition to vacate judgment.

Plaintiff filed suit on March 23, 1988, as lessor against defendants as lessees, for damages for breach of a written lease. The verified complaint alleged that the defendants had failed to pay the last five months' rent of the lease term. The defendants appeared by separate counsel and on April 25 filed a timely motion to dismiss the complaint. Plaintiff was given leave to respond to the motion. Response was filed on May 12. On July 1, plaintiff moved the court to set the cause for trial on a date certain. The court set the matter for pretrial conference on August 31.

Pursuant to notice, on August 31 plaintiff moved for leave to file an amendment to the complaint to clarify the plaintiff's standing as the appropriate plaintiff to continue with suit to address matters raised in defendants' motion to dismiss. On August 31 counsel for opposing parties appeared for the scheduled pretrial conference. The trial court denied defendant's motion to dismiss, permitted plaintiff to file an amended complaint *instanter*, ordered an answer to be filed by September 28, and continued the pretrial to October 26.

Counsel for the defendants failed to appear at the continued pretrial conference on October 26. No answer to the complaint had been filed as ordered by the court. On October 26 the court entered an order of default on both defendants and set prove up for November 18.

On November 18 neither defendants nor their respective counsel appeared at the prove up. The court entered judgment in favor of the plaintiff and against the defendants based on the verified complaint and on plaintiff's sworn testimony at the prove up hearing.

The defendants on November 23 filed a motion to vacate the October 26 order of default with the clerk's office and noticed the motion for hearing on December 5, 1988, ten days later. Plaintiff filed a response to the motion to vacate and attached to its pleading a copy of the November 18 judgment.

On December 5 the trial court granted the defendants leave to file a reply to plaintiff's response by December 16 and set the motion to vacate default for hearing on December 28. Defendants did not file a reply to plaintiff's response.

On December 27 the defendants filed an amended motion to vacate the November 18 default judgment. The amended motion was heard by the court the next day, on December 28. Counsel for plaintiff argued that the December 27 motion to vacate the November 18 judgment was brought more than 30 days after judgment and therefore was not timely filed and that it should be denied. The trial court stated it would treat the pending motion to vacate as a section 2—1401 petition. The court vacated the judgment conditioned upon the filing by defendants of an answer to the complaint within seven days and their payment of $175 to plaintiff for witness and attorney fees. The plaintiff appealed.

Initially we note that section 2—1301 of the Illinois Code of Civil Procedure provides that

> "[j]udgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought.
>
> *** The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1301(d), (e).)

After the suit was filed and service of summons accomplished, appearances were timely filed by separate attorneys for the defendants. Defendants then filed a motion to strike and dismiss the complaint, and plaintiff responded to the motion.

The record discloses that before the court had ruled on defendants' motion to dismiss and before any answer was filed or due, the plaintiff moved to set this cause for trial on a date certain. Instead

of ruling on the motion to dismiss or setting a trial date, the court set the cause for pretrial conference on August 31. The record discloses that the defendants participated in the initial pretrial conference. On August 31, defendants' motion to dismiss was denied, they were ordered to answer the complaint within 28 days and the pretrial conference was continued to October 26. The record discloses that August 31 was the last date prior to the December 5 post-judgment motion that the defendants appeared or were represented by counsel at scheduled court dates.

No answer was filed. The defendants did not appear personally or by counsel at the continued pretrial date on October 26. The court on October 26 entered an order of default on the defendants for failure to file an answer to the complaint. The cause was set for prove up on November 18. The court clearly had authority under the provisions of section 2—1301(e) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e)) to enter the order of default on October 26 for defendants' failure to file an answer on or before September 28 as ordered by the court. The entry of the default order is not challenged on appeal.

The Illinois Code of Civil Procedure also provides:

"(a) Upon the entry of an order of default, the attorney for the moving party shall immediately give notice thereof to each party who has appeared, against whom the order was entered, or such party's attorney of record. However, the failure of the attorney to give the notice does not impair the force, validity or effect of the order.

(b) The notice shall contain the title, number, court, date of entry, name of the judge, and state that the order was one of default. The notice may be given by postal card or in any manner provided by rules." Ill. Rev. Stat. 1987, ch. 110, pars. 2—1302(a), (b).

The defendants acknowledged that the clerk of the court sent them notice of the default order and that they received the notice. We note that, because each defendant was represented by separate counsel, the notice of default is presumed to have been sent to each of the defense attorneys. Although the defendants were represented by separate attorneys, defendants' motions each time were joint motions filed by one or the other of the counsel appearing for defendants, indicating a shared responsibility for their representation.

From October 26 until November 18 the defendants clearly had ample time following notice of default from the court clerk to move to vacate the default. Having received notice of the default, counsel or the defendants themselves could have and should have checked

the court file to determine whether any future court date had been set. Apparently no one checked the court file. They could have telephoned plaintiff's counsel to learn of any new court dates. It appears they did nothing, since no defendant or defense counsel was present at the November 18 prove up when the trial court entered judgment for plaintiff in the sum of $6,250 and costs.

■ In considering the issue raised by this appeal, whether the trial court abused its discretion when the defendants' amended motion to vacate default judgment was considered as a section 2—1401 motion and in granting the relief requested by vacating judgment, we look to the statutory requirements of section 2—1401. The pertinent provisions of the Illinois Code of Civil Procedure are:

"(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. ***

(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.

(c) The petition must be filed not later than 2 years after the entry of the order or judgment." (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1401(a), (b), (c).)

The defendants' attempt to vacate the November 18 judgment, filed on December 27, was timely filed within the required statutory two years if the pleading had complied with the requirements of section. 2—1401. However, the statute also requires that a section 2—1401 petition must be supported by affidavit or other appropriate showing as to matters not of record. We construe this language to mean an affidavit or other appropriate showing as to good cause grounds to vacate the judgment which do not appear in the record. Here the defendants filed an unverified amended motion to vacate the default judgment reciting that counsel's nonappearance in court was due to improper docketing by one of the defense attorneys. The motion recites the subsequent entry of judgment against defendants on November 18 and summarily states that defendants have a meritorious defense. No factual allegations as to what that defense might be are made, no answer had been filed nor was a supporting affidavit attached to the pleading to provide any further information as to the defendants' diligence in bringing the motion. No notice was given opposing counsel that a section 2—1401 petition would be presented. In fact, defense counsel did not present a section 2—1401 petition. The

court *sua sponte* translated the amended motion to vacate the judgment into a section 2—1401 petition.

Here, each defendant had an attorney, neither of whom filed the requisite answer or appeared at the pretrial on October 26 or at the subsequent prove up on November 18. It was not until December 5, 1988, after the original motion to vacate had been filed, that the court was petitioned and granted leave for defendant McNamara's attorney to replace defendant Beverley's attorney and thereafter to represent both defendants. Defendant McNamara's attorney, who prepared and filed both the motion and the amended motion, stated only that he had "improperly docketed" the case, resulting in his nonappearance.

No explanation was offered for the passage of time from the entry of the order of default on October 26 to the November 23 filing of the motion to vacate the order, which motion was noticed for hearing on December 5. Nor was any explanation offered for the time lapse between the entry of the judgment on November 18 until the amended motion to vacate default and judgment, filed on December 27 and noticed to be heard on December 28. We note that counsel for the defendants was present at the motion hearing on December 5, at which time he learned of the entry of the judgment on November 18. He also was advised of the judgment by plaintiff's response to his motion which was filed on December 2. His knowledge was clearly within 30 days of the entry of the November 18 judgment, yet the amended motion to vacate the judgment was not filed by December 18. If defendants' motion had been filed by December 18, the provisions of section 2—1301 would have permitted the court to vacate the judgment on such terms and conditions as it elected to impose. Instead, the attempt to vacate the judgment was made 10 days later at the continued hearing scheduled to dispose of the motion to vacate the order of default and was in an improper form under section 2—1401 to vacate a judgment more than 30 days after its entry.

We note also that at the December 28 hearing plaintiff's counsel informed the court that the defendants themselves are attorneys. The trial judge stated on the record that defense counsel "blew deadlines [he had] no business blowing," that he did not have an answer on file at the time of the December 28 hearing although the court had ordered an answer filed by September 28, that counsel had made no good-faith effort to address the question of diligence and that he had not given the court "a principled reason to vacate the judgment." The trial judge further stated that "I don't think the court

has technically any jurisdiction to fool with this judgment on the basis of the pleadings before it ***." The court then elected to proceed to consider defendants' motion to vacate default judgment as a section 2—1401 proceeding, overruled plaintiff's oral jurisdictional objection holding that it was not timely made, and vacated the November 18 judgment on the condition that defendants file an answer in seven days and pay $175 to plaintiff for witness and attorney fees for the prove up hearing. We agree that, on the pleadings before it, the court technically had no jurisdiction to alter the judgment.

■■ ■ A petition brought under section 2—1401 must set forth affirmative allegations of fact which establish the existence of (1) a · specified meritorious defense, (2) the exercise of due diligence in presenting the defense to the court in the underlying litigation and (3) diligence in bringing the section 2—1401 petition to vacate the judgment. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220, 499 N.E.2d 1381.) The determination of whether or not to grant the section 2—1401 petition is within the sound discretion of the court but is dependent on the facts before the court. The court's determination on the petition will not be reversed absent an abuse of discretion. (*Smith v. Airoom*, 114 Ill. 2d at 221.) The court is required to consider whether the petition has alleged sufficient facts to support both statutory requirements of meritorious defense and diligence. *Williams v. Pearson* (1961), 23 Ill. 2d 357, 359, 177 N.E.2d 856; *Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 470, 350 N.E.2d 97; *People ex rel. Franks v. Franks* (1970), 126 Ill. App. 2d 51, 55, 261 N.E.2d 502; *Bartolini v. Popovitz* (1969), 108 Ill. App. 2d 89, 94-95, 246 N.E.2d 834; *Davis Furniture Co. v. Young* (1968), 102 Ill. App. 2d 415, 419, 242 N.E.2d 457.

Proceedings brought under section 2—1401 are the same or substantially the same as prior section 72 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) Mere conclusory allegations of diligence and meritorious defense are not sufficient. Here the motion to vacate the default and judgment was neither sworn nor supported by affidavit; nor did it contain any allegations of facts to demonstrate a meritorious defense or any factual basis to establish defendants' diligence.

■ The interpretation of section 2—1401 has been considered many times by Illinois reviewing courts, which hold that this remedy is not intended to relieve parties of the consequences of their own lack of diligence. A litigant is bound by the action, or failure to act, of his attorney, and this statutory remedy will not relieve the defendant of the consequences of such representation. *Bartolini v. Pop-*

*ovitz,* 108 Ill. App. 2d at 96; *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 382, 530 N.E.2d 230.

Reviewing courts have reversed a trial court's grant of section 2—1401 (section 72) relief where the pleading in which the relief is requested did not meet the statutory requirements. In *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 460, 236 N.E.2d 336, the court found that counsel's allegation that he "missed the case on the call" did not allege diligence, and that the motion failed to allege facts to support an argument that the litigant had a meritorious defense. The reviewing court reversed, finding that the trial court could not exercise its discretion if no facts were alleged.

In *Solomon v. Arlington Park/Washington Park Race Track Corp.* (1979), 78 Ill. App. 3d 389, 402, 396 N.E.2d 1118, the reviewing court found the trial court had abused its discretion where defendant had failed to show fraud, unconscionable behavior or unfair advantage on the part of the plaintiff.

In finding that the unverified petition also was unsupported by affidavits, the reviewing court in *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 755, 357 N.E.2d 187, found that the documents were so defective that they could not support an order granting the requested relief, and in the absence of a proper pleading, the relief granted was unwarranted.

Where a section 2—1401 petition and supporting affidavit alleged a meritorious defense but did not allege supporting facts, the reviewing court reversed the trial court's vacation of the judgment. *People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 73, 482 N.E.2d 1114.

On appeal the trial court's order vacating judgment on a section 72 petition was reversed where the reviewing court found that the mere conclusions of the pleader, which alleged no facts to support a defense and no facts to explain lack of diligence, were insufficient to enable the trial court to judge the merits of the petition. *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 579, 305 N.E.2d 25.

The appeals court in *Davis Furniture v. Young* (102 Ill. App. 2d at 418, 420) reversed the trial court's grant of the section 72 petition, finding that allegations in the supporting affidavit contending the sales contract was altered or forged, that there was an illegal seizure of property, and that defendant was unable to hire an attorney from July to October were insufficient to support allegations of diligence and a meritorious defense.

In *Norvell v. Howard* (1979), 72 Ill. App. 3d 698, 702, 391

N.E.2d 101, defendant's allegation of due diligence was found to be conclusory and facts alleged failed to show diligence. The court reversed, finding the trial court abused its discretion because there was no basis to grant the requested relief.

Where service on a dissolved corporation was made on the Secretary of State with notice to the last known corporate address and plaintiff received a phone call from an attorney in response who promised to appear but no further contact was made, judgment was entered. A section 72 petition filed 3½ months later was granted by the trial court and judgment was vacated. On appeal the trial court's order was reversed. The appellate court found there was no showing of diligence and no showing of any unfair or unconscionable conduct by the plaintiff and that the court had abused its discretion in vacating judgment. (*Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 209, 392 N.E.2d 741.) The court found there was no need to reach the question of the sufficiency of the meritorious defense allegations.

The defendant was found not to have set out sufficient facts in his petition to vacate default judgment to support an allegation of diligence in presenting his petition where he recited merely that he had retained a second attorney to "fully represent him in all matters with respect to the pending action." (*Bartolini v. Popovitz*, 108 Ill. App. 2d at 96.) The court reversed the trial court, finding that section 72 did not relieve a defendant of the consequences of his own negligence and that he was bound by the actions, or failure to act, of his attorney.

In those cases where the trial court's denial of the section 2–1401 petition has been affirmed on appeal, the court has applied the tests of factual allegations of meritorious defense and diligence in presenting a defense both in the underlying litigation and in the post-judgment proceedings. Where the defendant has failed to establish these requisites, the denial of the petition has been affirmed. *Kaput v. Hoey*, 124 Ill. 2d at 385; *Coronet Insurance Co. v. Booker* (1987), 158 Ill. App. 3d 466, 470, 472, 511 N.E.2d 793; *Smith v. Airoom*, 114 Ill. 2d at 231. See also *Trobiani v. Racienda* (1968), 95 Ill. App. 2d 228, 235, 238 N.E.2d 177; *City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 25-26, 479 N.E.2d 1040.

On appeal the reviewing court will not reverse the order of the trial court granting section 2–1401 relief vacating judgment absent a finding that the court has abused its discretion. *Smith v. Airoom*, 114 Ill. 2d at 221.

■ Upon an examination of the conduct of the parties in this

case we conclude that the motion failed on the questions of sufficiency of the allegation of meritorious defense and diligence both before and after judgment. Here the insufficiency of the unsworn motion to vacate default and judgment to qualify as a section 2—1401 petition, the judge's statement that defense counsel had failed to give the court a reason to vacate the judgment, the judge's comment that he probably did not have jurisdiction to vacate the judgment on the pleadings before him when combined with the court's knowledge that the defendants, as attorneys themselves, and their two separate counsels on their behalf had failed to answer the complaint, had failed to file a proper motion to vacate and had failed to follow the progress of the case all demonstrate an abuse of discretion by the court in granting section 2—1401 relief to the defendants.

■■ Because the amended motion to vacate the judgment was not filed until a date more than 30 days after judgment was entered it does not qualify as a section 2—1301 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301) under which the court could have granted the defendants their relief at its discretion. Because the defendants' amended motion to vacate the judgment is deficient as a petition under section 2—1401 for its failure to show existence of a meritorious defense and for lack of diligence in presenting the defense petition to vacate the judgment, the December 28, 1988, order of the trial court which vacated the November 18 judgment must be reversed.

For all of the foregoing reasons, the order appealed from is reversed and the judgment of November 18, 1988, in favor of plaintiff is reinstated and affirmed.

Judgment reversed.

EGAN and RAKOWSKI, JJ., concur.