## AUGUST KERN
### V.
## W. A. WOOLSEY ET AL.

*Pleading—Declaration Containing Counts in Replevin and Trover—*
*Finding of Facts—Judgment Unauthorized.*

The award of a writ of *retorno* by the court below being authorized neither by the state of the pleadings nor by the finding of facts, the judgment is reversed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding.

Mr. J. B. MAYHAM, for appellant.

Mr. W. W. BARR, for appellees.

GREEN, J. The first count in plaintiff's declaration is replevin, in " the *cepit;*" second count in trover. The first plea is *responsive to the count in trover.*

The second plea of property in Malone (debtor in execution), is responsive to the count in replevin. And the third plea of property in the Domestic Baking Powder Company is also to the same count. There was no plea of justification, or plea to said first count of declaration denying the unlawful taking therein charged. The court found special property

in Woolsey, the constable, as to *part of the goods* replevied, and awarded a writ of *retorno* to the defendants for a return of *all the goods and chattels* in plaintiff's declaration specified.

The judgment finding special property in the constable was based on no issue in the case, and was erroneous. On the first count there should have been a finding for plaintiff, as the unlawful taking was not denied by any plea to that count. No writ of *retorno* would be proper under count in trover. And it was error to order a return of *all the goods* described in plaintiff's declaration, when but part were claimed even if the findings of the court were conceded to be right. The judgment is reversed and cause remanded.

*Reversed and remanded.*