John D. Vosnos, Plaintiff-Appellee, v. George Wenzel and Elizabeth Wenzel, Defendants-Appellants.

Gen. No. 49,015.

First District, First Division.

November 18, 1963.

Rehearing denied December 3, 1963.

Albert H. Werner and Robert A. Sprecher, both of Chicago, for appellants.

William C. Wines, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order entered in the Municipal Court of Chicago denying the petition of defendants, filed under Section 72 of the Practice Act, to vacate a default judgment and from the dismissal of their counterclaim.

Plaintiff's statement of claim alleged substantially that George Wenzel and Elizabeth Wenzel, his wife, employed him as their attorney to represent the defendant, George Wenzel, who was charged with the crime of statutory rape and who agreed to pay him the sum of $5,000 for his services; that plaintiff represented Wenzel and succeeded in reducing the charge to that of contributing to the delinquency of a minor and secured probation for the defendant; that defendants paid the plaintiff the sum of $2,500 on June 30, 1959, and an additional $1,000 in July, 1959, but refused to pay the balance of $1,500, although often requested to do so by plaintiff.

The answer of defendants admitted that George Wenzel employed the plaintiff to defend him, but denied that his wife was a party to the employment.

■■■■■■■■

The defendant averred that plaintiff promised he would obtain defendant's discharge from the charge of statutory rape and therefore was not entitled to more than the $2,500 originally paid him. The answer further alleged that the defendant, Elizabeth Wenzel, paid plaintiff the additional $1,000 because of threats and while under duress. In the counterclaim filed by defendant, Elizabeth Wenzel, she alleged that the plaintiff threatened to have the probation order vacated and to have George Wenzel sent to the penitentiary; that because of these threats she gave plaintiff the sum of $1,000 of her own money, which she says she was not obligated to pay, and therefore she sued for the return of this payment. The plaintiff filed a reply and an answer to the counterclaim and thereafter filed an amended reply. On June 27, 1960, the case was tried ex parte to a jury verdict for the plaintiff against both defendants on plaintiff's complaint and a further verdict was rendered finding the plaintiff not guilty on the counterclaim. Judgment was entered on the verdict for $1,500 plus costs on the same day and the counterclaim was dismissed.

On September 29, 1960, Albert H. Werner, attorney for the defendants filed his verified petition on behalf of defendants to vacate the judgment. Briefly, the petition alleged that when the petitioner answered the trial call on June 7, 1960, in room 1116 of the court house he was advised that the file had been sent to the assignment clerk in room 917 for reassignment; that petitioner went there and was told by the assignment clerk that the case was assigned for trial in room 1112 on September 27, 1960; that the petitioner appeared to answer the trial call in room 1112 on that date, but learned for the first time an ex parte judgment had been entered against his clients in room 913 on June 27th, and wherefore the petitioner prayed that the ex parte judgment be vacated so that defend-

194

ants may have their day in court. Plaintiff answered and in substance stated that the case was duly assigned for trial in room 913 on June 27, 1960; that plaintiff by a letter mailed on June 8, 1960, addressed to the office of Albert H. Werner, advised him that the case had been set for trial on June 27 in room 913; that on that date at the direction of Judge Hermes the attorney for plaintiff phoned the office of defendants' attorney on two occasions and when informed each time that Mr. Werner was out, left a message that the case was called for trial and Mr. Werner should come to court at once and thereafter when no one appeared for defendants, the case was tried to a jury ex parte.

Albert H. Werner, in a verified reply, answered that he was told by the court clerk that no jury cases were being assigned for trial before the close of the term and that due to a misunderstanding of the case number the case was mistakenly assigned to room 913; he denied that he had ever received a letter as alleged and denied that the phone calls were ever made to his office as alleged; he stated that there is only one other lawyer in his office and that neither he nor his secretary ever received the phone calls and to his answer there was attached a verified affidavit of his secretary corroborating these statements. On January 6, 1961, the court overruled the motion to vacate the ex parte judgment and leave was given the defendants to file an amended petition in 30 days and plaintiff's answer heretofore filed to stand.

The above order was then appealed to this court which appeal was dismissed on the ground that "when the court entered the order denying defendant's petition to vacate the judgment, it was not a final order since permission was given to the defendants to amend their petition." Vosnos v. Wenzel, 35 Ill App2d 390, 183 NE2d 193. On the day the Appellate Court mandate was filed in the Municipal Court, the defendants

195

moved to file instanter the defendants' second amended petition to vacate. It appears from the record that subsequently when the matter was heard on July 17, 1962, there was a great deal of confusion which we feel is unnecessary to detail. Suffice it to say, that without any evidence being heard an order was entered on July 17, 1962 which recited in part that after considering "the defendants First Amended Petition" and the answer of plaintiff to the original petition, and after hearing oral argument, the petition to vacate the default judgment was denied and "the order of January 6, 1961, is accordingly corrected nunc pro tunc as of January 6, 1961. Another order entered on the same day denied plaintiff's motion for leave to file a second amended complaint and this appeal followed.

The principal question is whether the petition, the amended petition and its supporting affidavits, filed by defendants, together with the plaintiff's reply and counter affidavit set forth sufficient facts to show that the trial court abused its discretion in denying the defendants' request to vacate the default judgment.

The pattern in Illinois to vacate default judgments has been definitely expanded to set aside default judgments entered more than 30 days prior to the filing of the petition to vacate such judgments. Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525 and cases there cited at page 380. In the recent case of Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, the Supreme Court said "Since our decision in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, subsequently adopted by the legislature (Laws of 1955, p 2270), it has become certain that a petition filed under Section 72, such as we have here, invokes the equitable powers of the court as justice and fairness require, to the end that one may not enforce a default

196

judgment attended by unfair, unjust or unconscionable circumstances."

We have considered this case in the light of the above rules and have concluded that the defendants showed in their pleadings and affidavits a good defense upon the merits and have exercised proper diligence. The counsel for defendants states, under oath, that the Clerk of the Municipal Court advised him that no jury trials were to be heard during that term, and that this case was assigned for trial on June 27th through a mistake of the court clerk. This seems borne out by a certified copy of entries in the motion book in Room 913 on June 7, 1960, showing the following entry: "60M300493 Vosnos v. Wenzel *N.J.* 6/27," (Emphasis ours.) which may explain the error of the clerk in sending the case to the wrong courtroom as being a nonjury case.

■ The Municipal Court of Chicago with its multitude of cases must necessarily be confronted with clerical errors and the most diligent lawyer may be faced with the same situation in which the defendants' lawyer found himself. The court files of this case revealed to the trial judge that it was a contested case and that the defendants demanded a jury trial. An ex parte trial in a contested matter should be condoned only as a last resort. The facts of this case are particularly appealing in terms of the relief sought since execution was not served upon the defendants to put them on notice that an ex parte judgment had been rendered against them. Had this been done the defendants could have availed themselves of the provisions of Sec 50(6) of the Civil Practice Act by filing a petition within thirty days of the entry of the judgment. The defendants' lawyer upon learning of court clerk's error in assigning the case, promptly brought the facts to the attention of the trial judge. The trial court, in the exercise of sound discretion and in justice

and fairness, should have allowed the petition of defendants and permitted a trial on the merits. The setting aside of the judgment, in our opinion, will not cause a hardship upon the plaintiff but will merely assure him as it will the defendants a day in court at which time the merits of the case can be fairly heard.

Accordingly, the judgment is reversed, and the cause is remanded to Municipal Court of Chicago with directions to vacate the ex parte judgment and to proceed consistently with the views expressed in this opinion.

Judgment reversed and remanded with directions.

ENGLISH, P. J. and MURPHY, J., concur.