**Mutual Truck Parts Co. Inc., Plaintiff-Appellee, v. Nathan Nelson, a/k/a N. Nelson, Defendant-Appellant.**

**Gen. No. 50,732.**

First District, Second Division.

February 18, 1966.

 

Joseph A. Rosin and Jerome H. Torshen, of Chicago, for appellant.

No appearance or brief filed for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order denying defendant's petition to vacate a default judgment in favor of plaintiff.

On August 6, 1964, plaintiff filed its complaint against defendant, alleging that on June 25, 1964, defendant submitted to plaintiff samples of a quantity of "outer nuts" for sale to plaintiff at the price of 6½¢ each; that the offer for sale was made pursuant to sample and based upon the representation that the "outer nuts" contained in forty-six cartons complied with the submitted samples; that plaintiff placed an order for twenty-four thousand (24,000) "outer nuts" at a total price of one thousand five hundred and sixty dollars ($1,560); that plaintiff thereupon delivered its check to defendant who furnished the "outer nuts"; and that the "outer nuts" were defective and did not comply with the samples submitted, and therefore plaintiff was entitled to judgment.

On August 25, 1964, defendant, by his attorney, filed and had time-stamped an appearance and a verified answer to the complaint, said answer alleging that payment was made by plaintiff to defendant only after plaintiff had inspected and accepted the "outer nuts"; that the "outer nuts" complied with the samples submitted; that the samples submitted to plaintiff were surplus, seconds

or rejects and that plaintiff was well aware of this fact; that the prevailing cost price for "outer nuts" is approximately eighteen to twenty cents per nut; that plaintiff was given the price of six and one-half cents because the nuts were seconds or rejects as plaintiff well knew; that to compensate for nuts which might be defective or unusable for the purpose intended, defendant delivered to plaintiff an extra one thousand "outer nuts"; and that plaintiff by and through its agents and servants, in the presence of defendant, inspected the contents and quality of the nuts delivered, made no complaint or protest, and only subsequent to said inspection did plaintiff issue its check.

On January 29, 1965, judgment was entered against defendant in the sum of one thousand five hundred and sixty dollars ($1,560). The court found in the preface to its judgment order that ". . . the defendant [was] absent and not represented. . . ."

On February 8, 1965, a writ of execution was issued. Service was not made upon defendant until March 6, 1965, twenty-five days after the writ was placed.

Thereafter, defendant filed a petition to vacate the default judgment alleging that on August 25, 1964, defendant filed a verified answer stating a valid defense to the complaint; that the cause was set for September 15, 1964, in Room 915; that on September 15, 1964, the matter was assigned to Room 1121 and set for trial on October 13, 1964; that on October 13, 1964, defendant appeared in Room 1121, but was advised that counsel for plaintiff had already appeared, and caused the lawsuit to be continued, representing that the request for continuance was by agreement; that defendant's counsel had no contact with counsel for plaintiff and was unaware of any agreement to continue the matter; that defendant's counsel then asked the clerk for the new trial date; that through inadvertence or mistake, defendant's counsel was advised by the clerk of the court that the new

32

trial date was February 26, 1965; that in reliance upon the statement of the clerk, counsel recorded the February 26 trial date in his diary; that although defendant's counsel was advised that February 26 was the new trial date, the new trial date was January 29, 1965; that on February 26, defendant's counsel again appeared in Room 1121 but could not find the instant matter on the court's call of cases; that counsel immediately checked with the clerk's office but could not locate the court file, which file was "short." (When a file is "short" it means that it cannot be found); that on March 7, 1965, defendant was served with a writ of execution, which was the first knowledge that either he or his counsel had of the entry of a judgment, as the execution was placed for service on February 8, 1965, but was not served until March 7, 1965, a period in which defendant was in town and available for service; that immediately upon receipt of the execution, defendant's counsel examined the court file, which was now available, and determined for the first time, that the trial of the cause had been set for January 29, and not February 26, as he had been advised; and that the verified answer and appearance filed on behalf of defendant on August 25, 1964, was not disclosed by the file. No answer was filed to the verified petition to vacate the default judgment.

The trial court denied the petition to vacate the judgment. This appeal is taken from that order.

It is defendant's theory that the verified petition, which stands uncontradicted, stated proper grounds for relief under section 72 of the Civil Practice Act and that the trial court, therefore, erred in denying the petition to vacate.

■ At the outset we observed that no appearance or brief was filed in this court by plaintiff. Under such circumstances a judgment may be reversed without a consideration of the cause on its merits. Eichelberger v. Robinson, 233 Ill App 579 (1924) ; C. I. T. Corp. v. Black-

33

well, 281 Ill App 504 (1935); 541 Briar Place Corp. v. Harman, 46 Ill App2d 1, 196 NE2d 498 (1964); Ogradney v. Daley, 60 Ill App2d 82, 208 NE2d 323 (1965). Because, however, the above rule is discretionary, we will consider the merits of defendant's appeal.

This case is governed by section 72 of the Illinois Civil Practice Act, Ill Rev Stats (1963) ch 110, Par 72, and the decisions of the courts construing that Act. In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963), the Supreme Court held at page 613:

> Since our decision in Ellman v. De Ruiter, 412 Ill 285, subsequently adopted by the legislature (Laws of 1955, p 2270), it has become certain that a petition filed under Section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances.

The above recited language has been relied upon consistently by this court in circumstances similar to those in the instant case. Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299, 300 (1965); Spencer v. American United Cab Ass'n, 59 Ill App2d 165, 208 NE2d 118, 121 (1965); Vosnos v. Wenzel, 44 Ill App2d 192, 194 NE2d 484, 486 (1963).

■ For a default judgment to be set aside, a petitioner should show, (1) that he has a meritorious defense to the claim brought against him, and (2) that he and his attorney have exercised reasonable diligence . . . , Rule 3, sec 1.5, Civil Practice Rules of Municipal Department, Circuit Court of Cook County.

In the case at bar, both a meritorious defense and reasonable diligence have been shown. Defendant filed an answer to plaintiff's complaint. Affirmative defenses were properly alleged by defendant and were not denied by plaintiff.

Thereafter, when the cause was called for trial, defendant's lawyer appeared and was told by the clerk of the court that a new date had been obtained by plaintiff on the representation that the continuance was "by agreement." Defendant's counsel was unaware of this agreement. Nevertheless, he was advised by the clerk of the court that the new trial date was February 26, 1965. There is no showing in the record that defendant received any further notification from any party of the continuance or the new trial date. On February 26, defendant's counsel again appeared in court. The case did not appear on the call. The file could not be found in the clerk's office. Thereafter, on March 7, defendant was served with a writ of execution. At this time defendant learned for the first time that the continued date of the trial was not February 26, as his attorney had been advised, but was in fact January 29, 1965, at which time plaintiff had appeared and taken judgment. No notice was given to defendant or his counsel at the time the judgment was taken, nor does it appear that defendant was furnished with a copy of the judgment order. After the writ of execution was served, the file became available in the clerk's office. Upon examining the file, defendant's counsel determined that the appearance and verified answer which was time-stamped on August 25, 1964, did not appear in the file.

█ Defendant's counsel promptly advised the court of these facts by a sworn petition. Plaintiff did not file an answer to the petition. The facts alleged therein, thus, must be taken as true. Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525 (1961); Elfman v. Evanston Bus Co., 27 Ill2d 609, 610, 190 NE2d 348 (1963); Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299, 301 (1965).

The case at bar is substantially identical to that of Vosnos v. Wenzel, 44 Ill App2d 192, 194 NE2d 484 (1963), wherein this court reversed and remanded an order of the

trial court, which denied a petition brought under section 72, holding that the pleadings and affidavit on file were sufficient to show a good defense on the merits and that proper diligence had been exercised by a defendant who had mistakenly been informed by the court that no further jury trials were to be heard during the term. The court stated at page 197:

"The counsel for defendants states, under oath, that the Clerk of the Municipal Court advised him that no jury trials were to be heard during that term, and that this case was assigned for trial on June 27th through a mistake of the court clerk. This seems borne out by a certified copy of entries in the motion book in Room 913 on June 7, 1960, showing the following entry: '60M300493 Vosnos v. Wenzel, *NJ* 6/27,' (Emphasis ours.) which may explain the error of the clerk in sending the case to the wrong courtroom as being a nonjury case.

"The Municipal Court of Chicago with its multitude of cases must necessarily be confronted with clerical errors and the most diligent lawyer may be faced with the same situation in which the defendants' lawyer found himself. The court files of this case revealed to the trial judge that it was a contested case and that the defendants demanded a jury trial. An ex parte trial in a contested matter should be condoned only as a last resort. The facts of this case are particularly appealing in terms of the relief sought since execution was not served upon the defendants to put them on notice that an ex parte judgment had been rendered against them. Had this been done the defendants could have availed themselves of the provisions of Sec 50(6) of the Civil Practice Act by filing a petition within thirty days of the entry of the judgment. The defendants' lawyer upon learning of court clerk's error in assigning the

36

case, promptly brought the facts to the attention of the trial judge. The trial court, in the exercise of sound discretion and in justice and fairness, should have allowed the petition of defendants and permitted a trial on the merits. The setting aside of the judgment, in our opinion, will not cause a hardship upon the plaintiff but will merely assure him as it will the defendants a day in court at which time the merits of the case can be fairly heard."

A similar result should be reached in the case at bar.

■ Furthermore, it should be noted, with regard to the default judgment, that the Civil Practice Act, Supreme Court Rules and Circuit Court Rules were all disregarded. Section 50.1 of the Civil Practice Act provides that "upon entry of an order of default . . . the clerk shall immediately give notice thereof to each party who has appeared, against whom the order was entered, or his attorney of record . . . ." In the instant case, it does not appear that such notice was given.

Circuit Court Rule 7.1 provides that when a court makes a final determination in an action, the attorney for the prevailing party shall prepare and present to the court an order, unless the court directs otherwise. This order should be served pursuant to Circuit Court Rule 7.2 and Supreme Court Rule 7–1(2). In the case at bar, it does not appear that any such order was served upon defendant.

Finally, it does not appear that plaintiff sought in any way to notify defendant of the ex parte judgment except by means of a writ of execution which writ was served more than thirty days after the entry of judgment wherein defendant could not seek relief within thirty days and was compelled to use the procedure provided by section 72.

The order of April 5, 1965 is reversed and cause remanded with directions to allow the petition of plaintiff

37

to vacate the judgment of January 29, 1965 and for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.