GOLDMAN, A MINOR, ET AL., APPELLANTS, *v.* SILVER, A MINOR, ET AL., APPELLEES.

[Cite as Goldman v. Silver, 8 Ohio App. 2d 316.]

(No. 5768—Decided December 14, 1966.)

*Mr. Fred Weisman,* for appellants.
*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellees.

DOYLE, P. J. This is an appeal from a judgment of the Court of Common Pleas of Summit County which dismissed the petition of the plaintiffs following the sustaining of a demurrer thereto, and the desire of the plaintiffs to not plead further.

The question for decision is whether the so-called "guest statute," Section 4515.02, Revised Code, applies to the pleaded facts. The Court of Common Pleas by sustaining the demurrer, and dismissing the petition, held that it did apply, and precluded recovery.

The petition pleads "that on Saturday, August 30, 1963 * * * the plaintiff was a guest front-right-seat passenger, who occupied said Valiant automobile at the express request or invitation of the defendant, Ronald Silver; that said automobile entered the driveway to number 1100 Packard Drive, Akron, Ohio, when suddenly, unexpectedly and without warning, the frame or under parts of said automobile, being defective, worn and depreciated, suddenly became dislodged and came into contact with the paved driveway of said premises, thereby causing said Valiant automobile to stop short or jolt with such force and violence that plaintiff was thrown about in said automobile, as a direct and proximate result of which he sustained severe injuries to his person * * *."

It is further averred "that at all times herein mentioned each and all of the defendants herein [Ronald Silver, a minor, Florence Silver, and Arthur Silver, all living at the same address, 1100 Packard Drive, Akron, Ohio] were in control and possession of the 1961 Valiant automobile * * *; and each and all of said defendants did care for and maintain the said * * * automobile."

The petition continues by averring "that the defendants were jointly and severally careless and negligent in causing injury to this plaintiff, in the following respects, to wit:

"1. In that they failed to inspect said automobile, and particularly the frame or underparts thereof, or in the alternative, if said frame or underparts were inspected by the defendants, no measures were taken to maintain and repair said Valiant automobile.

"2. In that they knew or should have known of the condition of said automobile, but nevertheless, failed to maintain and repair same.

"3. In that they failed to warn the plaintiff of the defective, depreciated, worn condition of said automobile.

"4. In that they invited plaintiff to ride in an automobile

which they knew or should have known was not in reasonable condition or repair.

"Plaintiff further says that by reason of the foregoing careless and negligent acts and omissions on the part of the defendants, and as a direct and proximate result thereof, said stopping or jolting caused injuries to the plaintiff's forehead and right hand."

The "guest statute" (Section 4515.02, Revised Code) provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

The appellants have argued their case in this court with the claim that "since the Ohio 'guest statute' * * * only applies to negligent operation of a motor vehicle and since the plaintiff-appellants have not pleaded negligent operation, the statute cannot apply * * *. In view of the fact that the statute is not applicable, the plea of negligent maintenance * * * is sufficient. The 'guest' need not plead nor prove willful or wanton misconduct when the facts pleaded are not within the purview of the 'guest statute.' A plea of negligence suffices. Appellants submit that the order of the Common Pleas Court sustaining the demurrer and dismissing appellants' petition ought to be reversed."

We recognize a rule of general application throughout the country that the operation of an automobile by one who knows, or, in the exercise of ordinary care, should have known that the vehicle was "defective, worn and depreciated," may impose liability upon the driver based upon negligence. However, although under this rule there may be recovery, in many instances, against the driver of a defective automobile, based upon his negligence in driving a vehicle in disrepair, such rule of liability is abrogated by virtue of the "guest statute" when the person injured as a result of the operation of the automobile

was a passenger in the motor vehicle upon the invitation of the driver while being transported without payment therefor, unless there is an allegation and proof revealing the elements of willful or wanton misconduct.

As stated above, the appellants say that they are not basing their case on negligent operation of the vehicle, but on negligent maintenance, and, consequently, the "guest statute" does not apply. We hold this argument untenable for the obvious reason that in all cases where the guest is the injured party, liability is reduced and no recovery can be obtained against the owner or operator where the injury results from the operation of the automobile during transportation of the guest, regardless of the type of negligence which may have caused the injury, unless the elements of willful or wanton misconduct appear. That the injury occurred during transportation, and as a result of the operation, is clearly set forth in the petition where it is alleged that "the frame or under parts of said automobile, being defective, worn and depreciated, suddenly became dislodged and came into contact with the paved driveway * * * *thereby causing said * * * automobile to stop short or jolt with such force and violence that plaintiff was thrown about in said automobile * * *.*" (Emphasis ours.) This allegation shows clearly an injury to a guest under transportation "resulting from the operation" of the motor vehicle, and, consequently, the "guest statute" must be applied.

Several recent Ohio cases involving the "guest statute," and its application to different factual situations, are: *Economou* v. *Anderson,* 4 Ohio App. 2d 1; *Redis, a Minor,* v. *Lynch,* 169 Ohio St. 305; and *Tonti, Admr.,* v. *Paglia,* 171 Ohio St. 520.

We find no error prejudicial to the rights of the appellants and, as a consequence, the judgment must be affirmed.

*Judgment affirmed.*

HUNSICKER and BRENNEMAN, JJ., concur.