**Samuel A. Libert, Plaintiff-Appellee, v. Stanley Turzynski, Defendant-Appellant.**

**Gen. No. 53,842.**

First District, First Division.

September 18, 1970.

Goldberg, Orlinsky, Freedkin and Goldberg, of Chicago (Harold Orlinsky, of counsel), for appellant.

Marovitz, Powell and Pizer, of Chicago (Harold Marovitz, of counsel), for appellee.

GOLDENHERSH, J.

Defendant, Stanley Turzynski, appeals from the order of the Circuit Court of Cook County denying his petition brought under section 72 of the Civil Practice Act (c 110, § 72, Ill Rev Stats 1967) to set aside an order of default and a judgment entered upon a jury verdict in the amount of $15,000.

Defendant contends that "substantial justice" requires that the ex parte judgment be set aside, and the trial court erred in failing to grant him relief pursuant to section 72.

On August 6, 1963, plaintiff, a physician, filed a complaint for libel against defendant, a physician, alleging that defendant had published a letter or document containing defamatory statements in regard to plaintiff. The transaction out of which the difficulties between these parties arose is reviewed in Turzynski v. Libert, 122 Ill App2d 352, 259 NE2d 295. Defendant, represented by counsel, filed an answer denying the allegations of the complaint.

On October 22, 1964, by leave of court, Raymond I. Suekoff appeared as attorney for defendant in substitu-

tion for defendant's original attorney, David E. Bradshaw. On April 19, 1965, Raymond I. Suekoff was granted leave to withdraw as defendant's attorney. On April 30, 1965, by leave of court, attorney Stanley Werdell entered his appearance for defendant. On January 11, 1967, at the pretrial conference, Raymond I. Suekoff was given leave to reappear for defendant. On December 15, 1967, Edelstein & Lewis, attorneys, requested and were granted, leave to file their appearance as attorneys of record for defendant. On January 30, 1968, Edelstein & Lewis moved for leave to withdraw as the attorneys for defendant and their motion was allowed. Defendant's petition and supporting affidavit state that on September 20, 1968, upon becoming aware of the fact that his last attorneys had withdrawn he filed in the record the following note:

"Please notify the defendant Stanley Turzynski
6165 Archer
Chicago 38/ Ill.
PO 7–7373

"if this case will come up before the defendant will retain an attorney.

Thank you"

On October 9, 1968, the matter was called for trial before the Honorable William Barth. Defendant failed to appear. The court attempted to call defendant by telephone, but was unable to complete the call. The record reflects that the court unwittingly transposed digits in the defendant's telephone number, calling PO 7–3773 instead of PO 7–7373. The court then directed that the jury find for the plaintiff against defendant for $15,000 and costs, and that malice was the gist of the action. Judgment was entered on the verdict.

On December 19, 1968, defendant, by his present attorneys, filed a petition pursuant to section 72 of the Civil

149

Practice Act to vacate the judgment of October 9, 1968. The petition was supported by his affidavit alleging that he had no notice of the trial setting, his first notice of the judgment was on December 11, 1968, when he was served with an execution, and he has a meritorious defense to the action. The plaintiff did not file a responsive pleading.

On January 7, 1969, a hearing on the petition was held before the trial judge. No testimony was taken, and the petition was denied.

■ A petition under section 72 to set aside a default judgment must set forth sufficient facts to show a meritorious defense and due diligence on the part of the petitioner. Burkett v. Downey, 102 Ill App2d 373, 242 NE2d 901.

■ Defendant's petition states that he has a meritorious defense to the plaintiff's cause of action, alleging, inter alia, that the alleged defamatory matter was not communicated to a third person. In the absence of a responsive pleading to defendant's petition, the facts well pleaded must be taken as true. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348; Stidham v. Pappas, 78 Ill App2d 402, 222 NE2d 318. An essential element of libel is a publication by the author, Ginsburg v. Black, 237 F2d 790, and prima facie, defendant's petition shows a meritorious defense.

The question remains whether the defendant pleaded sufficient facts in his petition and accompanying affidavit to show that his failure to appear was not occasioned by a lack of due diligence on his part.

■ The tendency for liberal construction of section 72 is well established, "Since the opinion in Ellman v. De Ruiter, 412 Ill 285, and continuing with Elfman v. Evanston Bus Co., 27 Ill2d 609, there has been a liberal trend to relieve litigants who without negligence have suffered default and ex parte judgments and dismissals against

150

them." Stidham v. Pappas, 78 Ill App2d 402, 406, 222 NE2d 318.

Defendant, in his petition and accompanying affidavit, states he had no knowledge of the fact that his attorneys had withdrawn until September 20, 1968, some nineteen days before the case was called for trial. He further states that when he discovered he was no longer represented by counsel he inquired of a deputy clerk as to how he might protect himself until he was able to engage counsel. The clerk advised him he would receive notice of any setting if he left a note in the court file with his name and address requesting that he receive notification. Upon the pleadings, these allegations must be regarded as true.

It is apparent from the record that defendant knew how to engage counsel and the necessity for so doing. It is equally apparent that there is some basis for the deputy clerk's advice that he would be notified if the case were set for trial.

The court stated at the time of the hearing on the petition to vacate the judgment that: "I called him (defendant) on the morning of the trial. I have got a note on it, at this number PO 7–3773 . . . I never proceed with a case even where there is no lawyer's appearance on a file until I try to get in touch with the defendant." The court also stated that he regarded this as only fair, and he went to the extreme of calling all of the defendant's previous attorneys before he entered the order of default.

In Elfman v. Evanston Bus Co. (supra), the Supreme Court has said at page 613, "a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." While the law is clear that when one acts upon the advice of a deputy clerk, he does so at his own

151

peril, Bernier v. Schaefer, 11 Ill2d 525, 144 NE2d 577, and that litigants must assume the burden of following their cases in courts, Thompson v. Carson Pirie Scott & Co., 106 Ill App2d 463, 245 NE2d 131, it appears that in this instance the advice given by the deputy clerk was correct, and only the happenstance of the transposed digits in defendant's telephone number precluded his receiving notice of the setting.

In Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, 187 NE2d 330, the Appellate Court said at page 475, "A default should be entered when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

Although in that case the court acted upon a petition based upon section 50 of the Practice Act, we are of the opinion that the rule therein enunciated should apply here.

The record reflects that this was the first setting of the case and does not show that the frequent substitution of counsel in any manner delayed its being set for trial. The clerk of the circuit court did not comply with section 50.1 of the Civil Practice Act, defendant acted promptly upon being served with execution and it does not appear that setting aside the default so that the action may be tried on its merits will cause plaintiff undue hardship.

For the reasons set forth the judgment is reversed and the cause is remanded to the Circuit Court of Cook County with directions to vacate the judgment, set aside the order of default and reinstate the cause on the trial docket.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.