2 Ill. App.3d 137 (1971)
276 N.E.2d 85
SORA LOAN CORPORATION, Plaintiff-Appellant,
v.
STEWART SHLIFKA et al., Defendants-Appellees.
No. 55123.
Illinois Appellate Court  First District.
October 20, 1971.
*138 Muench & Muench, of Chicago, (James J. Muench, of counsel,) for appellant.
Stanley F. Kaplan, of Chicago, for appellees.
Reversed and remanded.
Mr. JUSTICE DIERINGER delivered the opinion of the court:
This is an appeal from an order of the circuit court of Cook County, vacating plaintiff's ex parte judgment. Plaintiff, the Sora Loan Corporation, had loaned the defendants, Stewart and Elaine Shlifka, $1800 and instituted suit for the balance of $1415.35 after the defendants had paid a total of $384.65. Suit was filed in this case after the defendants had filed a bankruptcy petition.
Plaintiff alleged the loan had been made in reliance on a written statement signed by the defendants, stating they owed only three debts totaling $2753 when, in fact, they owed six other creditors amounts totaling $4938.86. Plaintiff alleged it would not have made the loan had it known about the additional debts. The defendants filed an answer, denied any fraud, and stated one debt was a forgery, admitting the other five debts, and set up bankruptcy as a defense. Under the law at that tice, bankruptcy was no defense to fraud.
At a hearing on December 2, 1969, no one appeared for the defendants, and an ex parte judgment was entered for plaintiff for the loan balance of $1415.35. Defendants first became aware of the judgment more than thirty days later, when a garnishment summons was served on the employer of one of the defendants. On February 2, 1970, defendants' attorney filed his motion to vacate the judgment ten days after learning of the judgment. A motion to strike by plaintiff was sustained and defendants allowed to file an amended petition under section 72. A motion to strike was denied, and the judgment was vacated March 19, 1970.
*139 Defendants' attorney claims neither he nor his clients appeared for the hearing on December 2, 1969, because he had several other items on his calendar that day and was under the impression plaintiff would ask for a continuance. He stated he assumed he had called the office of plaintiff's attorney to request a continuance. Plaintiff's attorney filed an affidavit executed by the three lawyers and a secretary in his office, denying he or any other member of his office received such a telephone call.
The plaintiff complains that the section 72 petition should have been denied because the defendants were not diligent and they did not set forth facts showing a meritorious defense.
The leading cases are Ellman v. DeRuiter (1952), 412 Ill. 285, and Elfman v. Evanston Bus Co. (1963), 27 Ill.2d 609. In Ellman, the court held that a section 72 proceeding could be addressed to the equitable powers of the court when the exercise of such power is necessary to prevent injustice. In Elfman, the court reiterated the holding of Ellman and suggested a default judgment would not be allowed to stand where the plaintiffs would gain an unconscionable advantage. The court also noted, while not conclusive or controlling, the fact that plaintiff delayed execution until after thirty days had expired cast a cloud on the proceedings.
 1 However, in subsequent cases it has become clear that before a final judgment for default may be vacated, the defendant must not only show he has a meritorious defense to the allegations contained in the complaint, but that he also exercised due diligence in presenting his defense. Esczuk v. Chicago Transit Authority (1968), 39 Ill.2d 464; Bartolini v. Popovitz (1969), 108 Ill. App.2d 89. In Esczuk, the court stated:
"Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (Brockmeyer v. Duncan, 18 Ill.2d 502; Glenn v. People, 9 Ill.2d 335.) However, a party may not avail himself of the remedy provided by section 72 `unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (Brockmeyer v. Duncan, 18 Ill.2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."
 2 In the case at bar the attorney for the defendants was negligent in assuming that a continuance would be granted the first time the matter *140 came up for hearing and by failing to inquire about the future date or checking the court files, had his assumption been correct. The fact he promptly filed his petition to vacate after discovering the default is not controlling.
We regret this matter cannot be disposed of on the merits, particularly since the plaintiff apparently waited for thirty days to expire before issuing a garnishment summons. Nevertheless, we believe the rationale of Danforth v. Checker Taxi Co., Inc. (1969), 114 Ill. App.2d 471, is applicable here:
"To have a case tried on its merits is, of course, the desirable goal, but we must also have rules relating to procedure and even statutes of limitation. Courts are reluctant to dismiss suits for failure to comply with procedural rules and court orders intended to enforce them, but there are circumstances under which that must be done or the whole system will bog down. That which would best serve the interests of the dilatory party is not the only factor to be considered. The argument that fundamental fairness demands a trial on the merits might be persuasive if urged in the trial court before the expiration of the thirty day period, the current substitute for term time.
Disregard for procedural rules intended to expedite the disposition of litigation can only contribute to the problem those rules were designed to ameliorate. Considering the enormous backlog of cases confronting our courts * * * we cannot be indifferent to procedural rules such as those here involved. A general understanding that section 72 was always available for relief regardless of neglect in failing to comply with court orders would add to the case load and penalize those who obey the court's orders by subjecting them to further delay."
For these reasons, the decision of the circuit court of Cook County is reversed and the cause remanded with directions to reinstate the judgment.
Reversed and remanded with directions.
ADESKO, P.J., concurs.
Mr. JUSTICE BURMAN, dissenting:
The trial judge, in the exercise of his sound discretion, vacated the ex parte judgment and permitted the defendants to have their day in court. I perceive no abuse of discretion and would affirm.
The primary question on this appeal is whether the defendants exercised due diligence prior to the entry of the default judgment against them. Upon being served with summons, the defendants retained counsel. An appearance and an answer setting forth a meritorious defense *141 was filed. Stanley F. Kaplan, the attorney of record for the defendants, testified that the course was set for trial on December 2, 1969, and that it was his understanding that the case was going to be continued since it was up for the first time. Defendants' attorney explained that he had four things on that morning and could not handle all of them at once. Although the plaintiff contended otherwise, defendants' attorney testified and the trial judge found that Kaplan called plaintiff's attorney to request that he get a continuance. Relying on his understanding that the case would be continued, neither he nor his client appeared. Defendants did not learn that judgment had been entered until Mrs. Shlifka's employer received a garnishment summons more than 30 days after entry of judgment. Within ten days after receiving notice of the judgment, defendants filed their petition to vacate.
This court has repeatedly held that "while no duty is imposed upon a party or counsel to sue out an execution promptly in order to inform a defendant of a default within the thirty day period, yet failure to do so is a circumstance which casts a cloud upon the entire proceeding. Ellman v. De Ruiter, * * * [412 Ill. 285, 106 N.E.2d 350.] On a petition to vacate, the court may properly take it into account in appraising the worth of the defense to the petition." Jansma Transport, Inc. v. Torino Baking Co., 27 Ill. App.2d 347, 354, 169 N.E.2d 829, 832. See, e.g., Elfman v. Evanston Bus Co., 27 Ill.2d 609, 190 N.E.2d 348 and Gary Acceptance Corp. v. Napilillo, 86 Ill. App.2d 257, 230 N.E.2d 73.
Since Ellman v. De Ruiter, 412 Ill. 285, 292, 106 N.E.2d 350, 354, Section 72 motions have been "addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice." Thus petitions to vacate default judgments have been allowed, when due diligence and a meritorious defense are shown, in order to adhere to the preference for a determination on the merits. "An ex parte trial in a contested matter should be condoned only as a last resort." Vosnos v. Wenzel, 44 Ill. App.2d 192, 197, 194 N.E.2d 484, 487.
In the instant case, defendants' counsel had filed an appearance and an answer setting out a meritorious defense. As we stated in Wolder v. Wolder, 30 Ill. App.2d 98, 173 N.E.2d 546, a simple glance in the court file by the trial judge would have disclosed a contested matter and a phone call by the court's bailiff or clerk to the absent counsel whose name appeared on the pleadings would have obviated the necessity of disposing of the litigation by way of a default hearing. Moreover, plaintiff's attorney, while obviously aware that the defendants were contesting plaintiff's claim, made no attempt to phone his opposing counsel when the matter came on for trial. We have said that courtesy *142 among lawyers should be the rule rather than the exception. Stidham v. Pappas, 78 Ill. App.2d 402, 223 N.E.2d 318.
In the recent case of Libert v. Turzynski, 129 Ill. App.2d 146, 262 N.E.2d 741, defendant's attorney had withdrawn his appearance but defendant had no notice of that fact until some 19 days before trial. On the advice of a deputy clerk, he left his phone number in the file requesting notification of the trial date. When the case was called for trial, the defendant failed to appear. A conscientious trial judge examined the file. Despite the fact that there was no appearance on file, the judge attempted to phone the defendant, and when he was unable to complete the call because of a clerical error in which the digits in defendant's phone number had been transposed, he called all of defendant's previous attorneys before entering the order of default. The Appellate Court, in reversing the trial court's denial of the petition to vacate, noted that since the default had been taken on the first setting of the case, it would cause no hardship upon the plaintiff to go to trial on the merits.
The facts in the instant situation present an even stronger case for relief. Here the defendants had filed an appearance and an answer setting forth a meritorious defense to a claim for the balance due on a loan and it was clear that they intended to contest the action. The trial judge found that defendants' attorney exercise due diligence in phoning plaintiff's counsel to ask that he get a continuance, and in filing his petition to vacate within ten days after receiving notice of the judgment. The plaintiff, on the other hand, while obviously aware that defendants intended to contest the matter, did not attempt to contact his opposing counsel when the matter came on for trial, and then waited more than 30 days to sue out an execution on the judgment. Under such circumstances, I cannot say that the trial judge abused his discretion in exercising his equitable powers to vacate the default judgment and grant the defendants the day in court which is their due.